# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2160

_____

| | | |
|---|---|---|
| Renee Campos, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Mutual of Omaha Insurance Company; | * | District of Nebraska |
| United of Omaha Life Insurance | * | |
| Company, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: November 7, 2001

Filed: December 4, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Renee Campos appeals from the final judgment entered in the District Court[1] for the District of Nebraska granting summary judgment to Mutual of Omaha Insurance Company and United of Omaha Life Insurance Company. Campos brought this action to recover benefits from a disability insurance plan under the Employee

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Retirement Income Security Act (ERISA).  For reversal, she argues that the plan administrator's setoff of her plan benefits by the amount of her social security disability benefits, on the ground that both were payable as a result of the "same disability," was contrary to the plain language of the plan.

Upon de novo review of the district court's grant of summary judgment, we conclude that the plan administrator's decision--based in part on interpreting "same disability" to mean "based upon the same period . . . and cause of disability," and not "based on the same medical diagnosis"--was not an abuse of discretion.  See Sahulka v. Lucent Techs., Inc., 206 F.3d 763, 767-68 (8th Cir. 2000) (standard of review; where plan gives administrator discretionary authority to determine eligibility, abuse-of-discretion standard is used unless beneficiary can show conflict of interest or serious procedural irregularity that caused serious breach of plan administrator's duty); Finley v. Special Agents Mut. Benefit Ass'n, 957 F.2d 617, 621 (8th Cir.1992) (court determines whether administrator's interpretation of plan language was abuse of discretion by considering whether (1) interpretation was consistent with plan goals, (2) interpretation renders any language in plan meaningless or internally inconsistent, (3) interpretation conflicts with ERISA's substantive or procedural requirements, (4) administrator has interpreted relevant terms consistently, and (5) interpretation is contrary to plan's clear language).

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-